UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HUGO QUENTAL BARROS,**

    **Petitioner,**

v.                                                          **Case No.  6:09-cv-306-Orl-35KRS**

**SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,**

    **Respondents.**
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6).  Petitioner filed a reply to the response (Doc. No. 11).

Petitioner alleges four claims for relief in his habeas petition:  1) trial counsel was ineffective for failing to depose or interview the State's witnesses; 2) trial counsel was ineffective for failing to file a motion to suppress evidence of a hand-held scale; 3) trial counsel was ineffective for failing to move for a mistrial based on an "inflammatory statement" made by Detective Meinke; and 4) trial counsel was ineffective for failing to properly argue the motion for a judgment of acquittal.

*I.    Procedural History*

Petitioner was charged by information with one count of trafficking in 400 grams or more of cocaine (count one) and one count of resisting an officer without violence (count two). A jury trial was held, and Petitioner was found guilty as charged in the information. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to count one and to time-served as to count two. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, raising three claims. The trial court denied the motion, and Petitioner appealed the denial. The state appellate court affirmed the denial as to claims two and three and reversed for a hearing as to claim one. The trial court then held an evidentiary hearing on claim one and denied it. The state appellate court affirmed the denial *per curiam*.

Petitioner subsequently filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court, which was denied. The state appellate court affirmed the denial *per curiam*.

*II.   Legal Standards*

*A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.  Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   Analysis

### A.   Claim One

Petitioner states that trial counsel was ineffective for failing to depose or interview the State's witnesses. This claim was raised in Petitioner's Rule 3.850 motion, and, after an evidentiary hearing, it was denied because Petitioner had not shown that counsel's performance was deficient or that he sustained prejudice.

Timothy Hartung, Petitioner's counsel, testified at the evidentiary hearing that he had reviewed the discovery in this case and that this was essentially a one-witness case for the State--Deputy Paul Meinke. (Appendix XV, Transcript of Evidentiary Hearing at 55, 62-64.) The testimony of the other witnesses was not directly incriminating: crime scene technician Ronald Murdock testified that he was unable to get lift fingerprints from the plastic bag; fingerprint expert Tony Moss testified why fingerprints were not found on the plastic bag; and FDLE chemist Jeffrey Gayer testified that the substance in the plastic bag was 559.9 grams of cocaine. *Id.* at 54-55. Thus, Mr. Hartung reviewed the discovery in this case and made the strategic decision not to depose any witnesses. *Id.* at 62-64.

Further, Mr. Hartung believed that taking depositions would have only helped the witnesses refresh their memory and recollection of the events, thereby strengthening their testimony in the State's favor.  *Id.* at 64.  He also felt that the depositions would have put the witnesses on notice of the types of questions that would be asked on cross-examination and the theory of the defense.  *Id.* Counsel determined that the State's case relied primarily on the testimony of Deputy Meinke, who appeared to be unfamiliar with the case, and taking his deposition would have refreshed his memory of the events.  *Id.* at 62-64.

Consequently,  Mr. Hartung's decision not to take the depositions in order to avoid revealing his trial strategies was a question of strategy that is unreviewable under *Strickland*.  *See White v. Roper*, 2004 WL 3639687, at *11 (W.D. Mo. June 14, 2004) (counsel's strategic decision not to take depositions because he did not want to alert witnesses and prosecutors to his thoughts and tactics becomes a question of strategy that is unreviewable under *Strickland*).  Petitioner's disagreement with Mr. Hartung's tactics or strategies will not support a claim of ineffective assistance of counsel.  *See Norman v. Bradshaw,* 2006 WL 3253121, at *10 (N.D. Ohio November 8, 2006).

In denying this claim, the state trial court considered the evidence and found the strategy pursued by counsel to have been reasonable. Petitioner's bare assertion, with nothing more, that taking depositions would have produced another viable defense is insufficient to overcome the strong presumption that counsel's conduct constituted sound trial strategy.  *See James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996) (strategy need not be successful to be reasonable under *Strickland* ).  Nor has petitioner shown that he was prejudiced by counsel's conduct in his failure to depose the State's witnesses.  Mere speculation that taking these depositions might have helped the defense is insufficient to

6

demonstrate prejudice.

The state court's determination that Petitioner failed to prove ineffective assistance of counsel with regard to this matter did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Likewise, Petitioner has not shown that the state court's determination resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### B.   Claim Two

Petitioner claims that trial counsel was ineffective for failing to file a motion to suppress "evidence of a hand-held scale." This claim was raised in Petitioner's Rule 3.850 motion and was denied on the basis that Petitioner had not shown prejudice.

Deputy Meinke testified at trial that law enforcement was looking for Petitioner in order to serve a warrant on him. (Appendix II, Transcript of Trial at 14.) Deputy Meinke engaged in a vehicle pursuit of a car in which Petitioner was the passenger. *Id.* at 22-23. Eventually, Petitioner's vehicle stopped, and Petitioner exited the vehicle and began running, while carrying a plastic bag. *Id.* at 24-26. Deputy Meinke chased Petitioner on foot, and, at some point, Petitioner lost possession of the plastic bag. *Id.* at 29. Deputy Meinke located and retrieved the bag, and he then terminated his foot pursuit of Petitioner. *Id.* at 29. The plastic bag contained 20 individual baggies with suspected cocaine in each bag. *Id.* at 33. A handheld scale was found in the vehicle from which Petitioner exited. *Id.* at 37. Petitioner's counsel objections to the introduction of the scale into evidence were overruled. *Id.* at 39.

Thus, the record reflects that Petitioner's counsel objected to the introduction of the

scale into evidence on at least two occasions. *Id.* at 39-40. Although Petitioner's counsel did not file a pretrial motion to suppress, his objections at trial raised the same arguments that would have been made in the pretrial motion, and there has been no showing of prejudice.

Further, Petitioner has not shown that there was a reasonable basis supporting a motion to suppress this evidence, as the scale was relevant since, as Detective Meinke testified, scales were used by drug dealers to perform precise measurements. *Id.* at 39.

Finally, Petitioner has not shown that, in light of the other evidence presented at trial, the suppression of the scale would have affected the outcome of his case. Under the circumstances, Petitioner has not demonstrated that the state court's decision was either contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Consequently, this claim is denied.

### C.    *Claim Three*

Petitioner states that trial counsel was ineffective for failing to move for a mistrial based on an "inflammatory statement" made by Detective Meinke. At trial, Detective Meinke was asked "[h]ow would you operate a scale like that?" He replied, "you would turn it on and drug dealers are precise." (Appendix II, Transcript of Trial at 39.) Petitioner contends that Detective Meinke's statement was prejudicial and that counsel should have moved for a mistrial. This claim was raised in Petitioner's Rule 3.850 motion and was denied.

Petitioner's counsel objected to Detective Meinke's statement, and the trial court

instructed the detective to "just tell us how it's used." *Id.* at 39. Under Florida law, "a motion for mistrial should be granted only when the complained-of error is so prejudicial that it vitiates the entire trial." *Villanueva v. State,* 917 So. 2d 968, 972-73 (Fla. 3rd DCA 2005). Petitioner has not shown that Detective Meinke's statement was so prejudicial as to warrant a mistrial, and, in any event, Petitioner's counsel handled the matter appropriately by objection, which led the trial court to admonish Detective Meinke to refrain from making extraneous comments.

Petitioner has not shown that counsel acted deficiently with regard to this matter or that he sustained prejudice. Under the circumstances, Petitioner has not demonstrated that the state court's decision was either contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Consequently, this claim is denied.

### D. Claim Four

Petitioner argues that trial counsel was ineffective for failing adequately to argue the motion for a judgment of acquittal. According to Petitioner, the prosecution was required to prove constructive possession, and counsel failed to address this requirement. This claim was raised in Petitioner's Rule 3.850 motion and was denied because there was no showing that counsel acted deficiently or that Petitioner sustained prejudice.

The content of the argument presented by Petitioner's counsel was "plainly the type of decision which is generally protected by *Strickland* from second guessing by the Court." *Scott v. McDonough,* 2008 WL 3852688, at *7 (N.D. August 15, 2008). In this case, the

argument of Petitioner's counsel focused primarily on the State's failure to show that Petitioner was in possession of the cocaine. For example, he argued that : "[t]here's no proof my client possessed that cocaine. There was no competent testimony as to that . . . . So, I don't think [Deputy Meinke] identified [Petitioner] as the person running from the car because he didn't stop him. He didn't even do that, let alone show he was in possession of that cocaine." (Appendix II, Transcript of Trial at 79.) This argument was reasonable in light of the evidence, and, thus, the state court's decision denying Petitioner's requested relief on this ground was not contrary to, or an unreasonable application of, *Strickland*.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Hugo Quental Barros is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 8th day of October 2010.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 10/8
Counsel of Record
Hugo Quental Barros